

# NUMBER 13-15-00018-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DREW DAVIS,                                                          Appellant,

V.

THE STATE OF TEXAS,                                                Appellee.

## On appeal from the 214th District Court
## of Nueces County, Texas.

## ORDER ABATING APPEAL

### Before Chief Justice Valdez and Justices Rodriguez and Perkes
### Order Per Curiam

This cause is currently before the Court because appellant's counsel has filed an *Anders* brief which does not comply with the requirements of *Kelly v. State*. See Anders v. California, 386 U.S. 738, 744 (1967); Kelly v. State, 436 S.W.3d 313 (Tex. Crim. App. 2014). Appellant's counsel has failed to: 1) serve the Anders brief on appellant; 2) serve appellant with a copy of the motion to withdraw; 3) inform appellant of his right to file a pro se response within 30 days of the motion to withdraw; 4) inform appellant that he is entitled to review the appellate record in preparation of a pro se response; 5) provide

appellant with a form motion for pro se access to the appellate record, mailing address of this Court, and instructions to file the motion within 10 days; and 6) inform appellant of his pro se right to seek discretionary review should the Court of Appeals declare his appeal frivolous. Counsel has informed us that he is unable to locate his client in order to remedy these deficiencies.

This sequence of events requires us to effectuate our responsibility to avoid further delay and to preserve the parties' rights. *See* TEX. R. APP. P. 37.3(a)(1). Accordingly, this appeal is ABATED and the cause REMANDED to the trial court. Upon remand, the trial court shall utilize whatever means necessary to make appropriate findings and recommendations concerning the following: (1) whether appellant can be located; (2) whether appellant has abandoned his appeal; and (3) if any other orders are necessary to ensure the proper and timely pursuit of appellant's appeal.

The trial court shall cause its finding and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record. Further, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court within thirty days from the date of this order.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
13th day of November, 2015.